JAMES A. QUADRA, State Bar No. 131084
REBECCA M. COLL, State Bar No. 184468
NIALL VIGNOLES, State Bar No. 170937
QUADRA & COLL, LLP
649 Mission Street, 5th Floor
San Francisco, California 94105
Telephone: (415) 426-3502
Facsimile: (415) 795-4530

*Attorneys for Plaintiff J.M.*

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| J.M., a minor,<br><br>　　　　Plaintiff;<br><br>　　vs.<br><br>PARLIER UNIFIED SCHOOL DISTRICT, CITY OF PARLIER, OFFICER NEIL O'BRIEN, and GEORGE ALVARADO<br><br>　　　　Defendants. | Case No.<br><br>**COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff J.M. complains against Defendants PARLIER UNIFIED SCHOOL DISTRICT, CITY OF PARLIER, OFFICER NEIL O'BRIEN, and GEORGE ALVARADO, and alleges as follows:

## JURISDICTION AND VENUE

1.　This action is properly filed with this Court. Defendant City of Parlier is a city in this district. Defendant Parlier Unified School District is a government agency in Parlier, California, and Plaintiff was battered by a school resource officer in Parlier High School in Parlier, California.

**THE PARTIES**

2. Plaintiff J.M. is a Latino American who was a student at Parlier High School, a school within the Parlier Unified School District. At the time of the assault and battery, Plaintiff was 16 years old. At the time of filing of this complaint, Plaintiff is 17 years old.

3. Defendant Parlier Unified School District is a government agency that operates schools in Fresno County in Parlier, California.

4. Defendant City of Parlier is a city in Fresno County.

5. Defendant Officer Neil O'Brien was a police officer employed by the City of Parlier and acting as a School Resource Officer under the direction of Parlier Unified School District at all times relevant to this Complaint. Defendant O'Brien is White and is not Latino.

6. Defendant George Alvarado was the principal at Parlier High School at all times relevant to this Complaint.

**FACTUAL ALLEGATIONS**

7. Plaintiff is a high school student. On August 27, 2019, while attending school, Plaintiff was physically battered by Parlier Police Officer Neil O'Brien, who at the time of the battery was an employee of the City of Parlier and acting as School Resource Office under the direction of Defendant Alvarado, the principal of Parlier High School and an employee of the Parlier Unified School District (the "District").

8. At the time of the incident, Plaintiff had an IEP due to learning disabilities and ADHD, which was at all relevant times known to the District and its staff.

9. On August 27, 2019, Plaintiff was sent to the principal's office for allegedly being disruptive. Defendant Alvarado, the principal, did not contact Plaintiff's mother. While at the office, Plaintiff attempted to call his mother on his cell phone. He asked if he was permitted to step into the hallway to call his mother, and was instructed by an office staff member that he must remain in the office to make the call. While Plaintiff was speaking with his mother on the phone about his circumstances in the office, Defendant Officer Neil O'Brien arrived at the office, having been summoned by Defendant Alvarado.

10. When he arrived at the office, Defendant O'Brien yelled at Plaintiff to hang up the phone. Plaintiff replied that he was speaking to his mother. Defendant O'Brien then took the cell phone from Plaintiff by force, violently pulling the phone away from Plaintiff and throwing Plaintiff against a counter, and handcuffing him. Other police officers, whose names are currently unknown, also responded to the scene and joined in verbally intimidating Plaintiff.

11. Officer O'Brien's unlawful conduct violated Claimant's rights under the California and U.S. Constitutions, including his right to be free from bodily injury. Officer O'Brien's conduct was also a battery of Claimant under California law. Officer O'Brian's conduct was motivated by racial animus against Claimant, who is Latino, and violated Claimant's rights to be free from discrimination pursuant to the Equal Protection Clause of the Fourteenth Amendment.

12. Defendant Alvarado, the principal of Parlier High School and a policymaker with final authority over student discipline within the high school, was present in the office and could see and hear O'Brien's battery of Plaintiff. Defendant Alvarado ratified the conduct of Defendant O'Brien by witnessing Defendant O'Brien's conduct and approving of it, refusing to contact Plaintiff's mother, approving of Defendant O'Brien's removal of Plaintiff's access to his mother by ripping the cell phone out of his hand, and tacitly approving O'Brien's battery of Plaintiff by witnessing it and not taking steps to object to O'Brien's conduct toward Plaintiff, a minor. Defendant Alvarado thereby placed Plaintiff in danger and subsequently failed to protect him from harm by a school resource officer acting under his authority.

13. Defendant O'Brien was employed by the City of Parlier during his interaction with Plaintiff, and as a school resource officer he was also acting under the direction of Defendant Alvarado and the Parlier Unified School District.

14. Plaintiff was so damaged by the above-described battery in his school, a place that should have felt safe to him, that he was forced to receive instruction outside the school.

15. Plaintiff suffered acute emotional distress due to being battered in his school; a battery that was race-based by a White officer against Latino student in a school district. The stress of the battery and subsequent harassment by District officials caused Plaintiff to suffer anguish, fright, horror, nervousness, grief, anxiety, worry, shock, humiliation, and shame.

16. Plaintiff timely filed his government tort claims with the Parlier Unified School District and the City of Parlier.

17. On or after March 27, 2020, Defendants' insurance carrier indicated the claim against the City of Parlier would be denied and that a formal notice of denial would be forthcoming. Plaintiff did not receive the formal notice of denial of Plaintiff's claim from the City of Parlier and did not receive a notice of denial of Plaintiff's claim from the District. Accordingly, the government claims were denied by operation of law and the operative statute of limitations for state claim is two years from the date of the underlying incident. Gov. Code § 945.6(a)(2). Even treating March 27, 2020, as a denial date for the government claim against the City of Parlier, the statute of limitations on bringing Plaintiff's state court claims, which is a period of six months, and longer than 180 days, was extended by 178 days due to the Covid-19 pandemic by California Emergency Rule 9. Accordingly, this action is timely.

**FIRST CAUSE OF ACTION**
**EXCESSIVE FORCE, 42 USC §1983**
**(Against Defendant O'Brien and Defendant Alvarado)**

18. Plaintiff hereby alleges, and incorporates by reference as though set fully forth herein, the allegations contained in all preceding paragraphs. This cause of action is pleaded against Defendant O'Brien and Defendant Alvarado.

19. The right of public school students to be free from excessive force is uncontroverted and clearly established law. Excessive force allegations against public school students are analyzed under the Fourth Amendment. The Fourth Amendment standard is one of objective reasonableness under the circumstances, without regard to the government actor's underlying intent or motivation.

20. No reasonable school resource officer would believe it is lawful to take the actions described above. Defendant O'Brien's use of force was objectively unreasonable and violated Plaintiff's Fourth Amendment rights.

21. Defendant Alvarado also violated Plaintiff's Fourth Amendment rights because Defendant Alvarado was in a position of authority over Defendant O'Brien, directed O'Brien to

address whatever concerns Defendant Alvarado had about Plaintiff's behavior, knowing Defendant O'Brien may physically batter Plaintiff, rather than contacting Plaintiff's mother and allowing her to address the issue.  Defendant Alvarado furthermore stood by and watched O'Brien batter a 16-year-old student entrusted to his care, in his office, rather than contact Plaintiff's mother or allow Plaintiff to continue his contact with his mother in order to allow Plaintiff's mother to intervene and protect her son from harm.

22. Plaintiff was damaged by Defendant O'Brien's and Defendant Alvarado's conduct.

23. Defendant O'Brien and Defendant Alvarado acted with malice, fraud and/or oppression.  Accordingly, Plaintiff requests that the trier of fact, in the exercise of sound discretion, award Plaintiff additional damages for the sake of example and in a sufficient amount to punish O'Brien for his wrongful conduct.

**SECOND CAUSE OF ACTION**
**EQUAL PROTECTION, 42 USC §1983**

**(Against Defendant O'Brien)**

24. Plaintiff hereby alleges, and incorporates by reference as though set fully forth herein, the allegations contained in all preceding paragraphs.  This cause of action is pleaded against Defendant O'Brien.

25. In taking the actions set forth herein, Defendant O'Brien acted with an intent and purpose to discriminate against Plaintiff based on his race and ethnicity.  Defendant O'Brien singled out Plaintiff on the basis of his race/ethnicity and treated him differently from other students, using excessive force against him, in his school, which should be a safe place where all students are treated fairly without regard to their race.

26. In taking the above actions, Defendant O'Brien's conduct violated Plaintiff's rights under the Equal Protection Clause of the Fourteenth Amendment.

27. Plaintiff was harmed as a result of Defendant's discrimination against Plaintiff based on his race and ethnicity.

28. Defendant O'Brien acted with malice, fraud and/or oppression. Accordingly,

Plaintiff requests that the trier of fact, in the exercise of sound discretion, award Plaintiff additional damages for the sake of example and in a sufficient amount to punish O'Brien for his wrongful conduct.

## THIRD CAUSE OF ACTION
## MONELL
### (Against Defendant Parlier Unified School District)

29. Plaintiff hereby alleges, and incorporates by reference as though set fully forth herein, the allegations contained in all preceding paragraphs. This cause of action is pleaded against Defendant Parlier Unified School District.

30. In taking the actions set forth herein, Defendant Alvarado acted under color of law as an agent of the School District.

31. In taking the actions set forth herein, Defendant O'Brien also acted under color of law as an agent of the School District, under the direction of Defendant Alvarado, and also under color of law as an agent of the City of Parlier.

32. Defendant Parlier Unified School District violated Plaintiff's Fourth Amendment rights to be free from excessive force by, inter alia:

(a) <u>Policies and Practices</u>: At all times relevant to the Complaint, the District had policies and practices that allowed principals to refuse to contact parents and/or refuse to allow children to contact their parents when there was a dispute involving the children, and instead allowed or encouraged principals to contact law enforcement officers and have them enter the school and physically discipline children without the knowledge or authorization of the children's parents, in violation of the children's Fourth Amendment rights. The District failed to discipline principals who used so-called school resource officers to mete out physical discipline to children. The District's policies and practices expressly permitted school resource officers to physically discipline children within the school building without their parents' consent. Defendants Alvarado and O'Brien

acted pursuant to the foregoing policies and practices and thereby deprived Plaintiff of his rights under the Fourth Amendment.

(b) <u>Failure to Train</u>: At all times relevant to the Complaint, the District failed to train employees, including principals, regarding how to interact with children experiencing a disciplinary issue, and how to prevent violations of the constitutional rights of children. The District failed to train principals or school resource officers regarding the Fourth Amendment rights of children, and failed to discipline principals or school resource officers who deprived children of their Fourth Amendment rights within school buildings. The District's training program for principals was so inadequate in relation to the tasks principals must perform in disciplining children, that it amounted to deliberate indifference to the rights of the children with whom the principals came into contact. The District was deliberately indifferent to the obvious consequences of its failure to adequately train principals, and its failure to adequately train school resource officers whom the District allowed principals to use to physically discipline children. The District's failure to train its employees reflected a conscious choice by the District to use school resource officers to physically discipline children instead of using methods that would not violate the children's Fourth Amendment rights.

(c) <u>Ratification</u>: Defendant Alvarado was the principal of Parlier High School and a policymaker with final authority over student discipline within the high school for the District. Defendant Alvarado ratified Defendant O'Brien's unconstitutional conduct as described above, including by, in his capacity as principal and final policymaker for disciplinary matters in the high school, allowing Defendant O'Brien to physically batter Plaintiff. In doing so, Defendant Alvarado acted under color of law, and thereby deprived Plaintiff of his rights under the Fourth Amendment of the United States Constitution.

33.     The foregoing policies and practices, failure to train, and/or ratification, were the moving forces that caused Plaintiff to be deprived of his Fourth Amendment rights.

**FOURTH CAUSE OF ACTION**
**MONELL**
**(Against Defendant City of Parlier)**

34.     Plaintiff hereby alleges, and incorporates by reference as though set fully forth herein, the allegations contained in all preceding paragraphs.  This cause of action is pleaded against Defendant City of Parlier.

35.     In taking the actions set forth herein, Defendant O'Brien also acted under color of law as an agent of the City of Parlier, in addition to acting under color of law as an agent of the School District.

36.     Defendant City of Parlier violated Plaintiff's Fourth Amendment rights to be free from excessive force and Plaintiff's rights pursuant to the Equal Protection Clause of the Fourteenth Amendment by, inter alia:

    (a) <u>Policies and Practices</u>:  At all times relevant to the Complaint, the City of Parlier had policies and practices that allowed school resource officers to enter school buildings during school hours at the request of principals, and physically discipline children without the knowledge or authorization of the children's parents, in violation of the children's Fourth Amendment rights.  In addition, the City of Parlier failed to discipline school resource officers who wrongly meted out physical discipline to children, and disproportionately so to children of color.  The City of Parlier also allowed its school resource officers to treat Latino students differently from White students by, inter alia, failing to inquire upon first being contacted by a principal as to whether the student's parents had been contacted, and using excessive force.  The City of Parlier had a practice of not disciplining school resource officers who treated students of color differently from White students.  As a result, school resource officers believed they could act with impunity toward students of color.  The City of Parlier's failure to discipline

school resource officers who used excessive force, especially against children of color, demonstrated a longstanding policy and practice of using excessive force against children of color based in part on the school resource officers' discriminatory assumptions that the children of color belonged to gangs or required violence to subdue.  The City of Parlier's policies and practices expressly permitted school resource officers to exert physical force against children attending school, rather than contacting their parents.  Defendant O'Brien acted pursuant to the foregoing policies and practices and thereby deprived Plaintiff of his rights under the Fourth Amendment and the Equal Protection Clause of the Fourteenth Amendment.

(b) <u>Failure to Train</u>: At all times relevant to the Complaint, the City of Parlier failed to train employees, including school resource officers, regarding how to interact with children experiencing disciplinary issues within school buildings, and how to prevent violations of the constitutional rights of children.  The City of Parlier failed to train school resource officers regarding the Fourth Amendment rights of children, and failed to discipline school resource officers who deprived children of their Fourth Amendment rights within school buildings.  The City of Parlier also failed to train school resource officers regarding the Equal Protection rights of children in schools, and failed to officers who treated children of color differently based on their race and ethnicity.  The City of Parlier's training program for school resource officers was so inadequate in relation to the tasks school resource officers must perform within schools, that it amounted to deliberate indifference to the rights of the children with whom the school resource officers came into contact.  The City of Parlier was deliberately indifferent to the obvious consequences of its failure to adequately train school resource officers.  The City of Parlier's failure to train its employees reflected a conscious choice by the City of Parlier to use school resource officers to use force against children in school, and especially children of color, instead of using methods that

would not violate the children's Fourth Amendment and Fourteenth Amendment rights.

(c) <u>Ratification</u>: Defendant Alvarado was the principal of Parlier High School and a policymaker with final authority over student discipline within the high school for the District.  Defendant Alvarado ratified Defendant O'Brien's unconstitutional conduct as described above, including by, in his capacity as principal and final policymaker for disciplinary matters in the high school, allowing Defendant O'Brien to physically batter Plaintiff.  In doing so, Defendant Alvarado acted under color of law, and thereby deprived Plaintiff of his rights under the Fourth Amendment of the United States Constitution.

37. The foregoing policies and practices, failure to train, and/or ratification, were the moving forces that caused Plaintiff to be deprived of his Fourth Amendment rights and his rights pursuant to the Equal Protection Clause of the Fourteenth Amendment.

38. Plaintiff's injury would have been avoided had the City of Parlier properly trained and disciplined its school resource officers.

## FIFTH CAUSE OF ACTION
### BATTERY
**(Against Defendant O'Brien, Parlier Unified School District, and City of Parlier)**

39. Plaintiff hereby alleges, and incorporates by reference as though set fully forth herein, the allegations contained in all preceding paragraphs.  This cause of action is pleaded against Defendants O'Brien, Parlier Unified School District, and City of Parlier.

40. Defendant O'Brien touched Plaintiff with the intent to harm or offend Plaintiff, Plaintiff did not consent to the touching, Plaintiff was harmed and offended by Defendant O'Brien's conduct, and a reasonable person in Plaintiff's position would have been offended by the touching.

41. Defendant O'Brien was unlawfully exercising his control as a school resource officer over Plaintiff when he physically battered Plaintiff.  Because of that control and his role

as a figure of authority within the school, Plaintiff could not defend or protect himself.

42. Pursuant to Government Code section 815.2, a public entity is liable for injury proximately caused by an act or omission of an employee of the public entity within the scope of his employment if the act or omission would have given rise to a cause of action against that employee. Defendant O'Brien was acting in the course and scope of his employment with the City of Parlier and/or as an agent for the Parlier Unified School District when he took the aforesaid actions against Plaintiff.

43. By reason of the foregoing violations, Defendant O'Brien acted with malice, fraud and/or oppression. Accordingly, Plaintiff requests that the trier of fact, in the exercise of sound discretion, award Plaintiff additional damages for the sake of example and in a sufficient amount to punish O'Brien for his wrongful conduct.

### SIXTH CAUSE OF ACTION
### INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
### (Against Defendant O'Brien, Parlier Unified School District, and City of Parlier)

44. Plaintiff hereby alleges, and incorporates by reference as though set fully forth herein, the allegations contained in all preceding paragraphs. This cause of action is pleaded against Defendants O'Brien, Parlier Unified School District, and City of Parlier.

45. As described above, Defendant O'Brien's violence was outrageous. Defendant O'Brien intended to cause Plaintiff emotional distress. Plaintiff suffered severe emotional distress and Defendants' conduct was a substantial factor in causing Plaintiff's severe emotional distress.

46. Pursuant to Government Code section 815.2, a public entity is liable for injury proximately caused by an act or omission of an employee of the public entity within the scope of his employment if the act or omission would have given rise to a cause of action against that employee Defendant O'Brien was acting in the course and scope of his employment with the City of Parlier and/or the Parlier Unified School District when he took the aforesaid actions against Plaintiff.

47. By reason of the foregoing violations, Defendant O'Brien acted with malice, fraud and/or oppression. Accordingly, Plaintiff requests that the trier of fact, in the exercise of sound discretion, award Plaintiff additional damages for the sake of example and in a sufficient amount to punish O'Brien for his wrongful conduct.

## SEVENTH CAUSE OF ACTION
### NEGLIGENCE
**(Against All Defendants)**

48. Plaintiff hereby alleges, and incorporates by reference as though set fully forth herein, the allegations contained in all preceding paragraphs. This cause of action is pleaded against all Defendants.

49. Defendant O'Brien was negligent in his actions against Plaintiff. Plaintiff was harmed and Defendant O'Brien's negligent actions were a substantial factor in causing Plaintiff's harm.

50. Defendant Alvarado was negligent in failing to contact Plaintiff's mother and in his supervision of his office staff, who would not allow Plaintiff to step outside the office to make his call, and in his supervision of O'Brien.

51. Pursuant to Government Code section 815.2, a public entity is liable for injury proximately caused by an act or omission of an employee of the public entity within the scope of his employment if the act or omission would have given rise to a cause of action against that employee. Defendants Alvarado and O'Brien were acting in the course and scope of their employment when they took the aforesaid actions against Plaintiff.

52. Plaintiff was thereby harmed.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment as follows:

1. For compensatory damages in an amount according to proof, including special damages and general damages inclusive of emotional distress damages;

2. For attorneys' fees and costs of suit;

3. For punitive damages against Defendant O'Brien and Defendant Alvarado; and

4. For all such other and further relief that the Court may deem just and proper

DATED: February 25, 2021                    Respectfully Submitted,

                                            QUADRA & COLL, LLP

                                    By:     /s/ *Rebecca Coll*
                                            James A. Quadra
                                            Rebecca M. Coll
                                            Niall Vignoles

                                            Attorneys for Plaintiff

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury in his above claims against Defendants.

DATED: February 25, 2021                    Respectfully submitted,

                                            QUADRA & COLL, LLP


                                    By:     /s/ *Rebecca Coll*
                                            James A. Quadra
                                            Rebecca M. Coll

                                            *Attorneys for Plaintiff*